# UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY
M.L. KING, JR.  FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH
BANKRUPTCY JUDGE

(973) 645-4693
Fax: (973) 645-2606

## NOT FOR PUBLICATION

**FILED**

JAMES J. WALDRON, CLERK

**JAN. 4, 2011**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY:  s/ Ronnie Plasner, DEPUTY

January 4, 2011

## LETTER OPINION
## ORIGINAL FILED WITH THE CLERK OF THE COURT

Trenk, DiPasquale, Webster,
Della Fera & Sodono, P.C.
Richard D. Trenk, Esq.
Jennifer D. Talley, Esq.
347 Mt. Pleasant Avenue Suite 300
West Orange, New Jersey 07052
*Counsel for Plaintiff*

Sterns & Weinroth, P.C.
Andrea Dobin, Esq.
50 West State Street, Suite 1400
P.O. Box 1298
Trenton, New Jersey 08607-1298
*Counsel for Defendant-Debtor*

Re:   **Pierre Emmanuel Almonacy, Debtor**
      **Case No. 10-37235 (DHS)**
      **Superior Mortgage Corp. v. Hugo Lopez, Edwin De La Cruz,**
      **Pierre Almonacy, Max Sevilla, and John Does 1 through 50**
      **Adv. Pro. No. 10-02496 (DHS)** _____  _____

Dear Counsel:

Before the Court is a motion filed by the plaintiff, Superior Mortgage Corp. ("Superior"), seeking an Order granting mandatory or permissive abstention and remanding the above-captioned matter to the Superior Court of New Jersey, Law Division pursuant to 28 U.S.C.

Page 2
January 4, 2011


§ 1447(c).  Additionally, Superior requests that the Court grant it relief from the automatic stay so it may proceed with the litigation against the debtor, Pierre Emmanuel Almonacy ("Debtor").

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984.  Venue is proper under 28 U.S.C. § 1409(a).  The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.


## STATEMENT OF FACTS

Superior commenced the present action on December 28, 2009 in the Superior Court of New Jersey, alleging various counts of fraud, misrepresentation, negligence and other state and common law claims against the Debtor and three non-debtor defendants, plus several unknown defendants.  Superior is seeking over $1.1 million in damages.  The action exists as Docket No. UNN-L-4799-09 in the Law Division, Union County.

On January 28, 2010, the first answer was filed by a non-debtor defendant.  (Application by Richard Trenk in Supp. of Pl.'s Mot., ¶ 29) ("Trenk App.")  The Debtor and another defendant filed answers and cross-claims on March 29, 2010 and April 5, 2010.  (*Id.* at ¶ 30)  On May 20, 2010, Superior served its answer and affirmative defenses to the cross-claims.  (*Id.* at ¶ 31.  The Debtor and another defendant have also served Third-Party Complaints in the action. (*Id.* at ¶ 32)

Superior served its first set of interrogatories on March 12, 2010.  (Pl.'s Reply Mem., Ex. A)  Over the next six months, all parties engaged in repeated discovery exchanges, including further interrogatories, document requests, admissions, and notices of depositions.  (Trenk App., ¶¶ 33-60)  On August 3, 2010, Superior served eight subpoenas duces tecum.  (*Id.* at ¶ 46)  The matter had been referred to mediation and a conference was scheduled for October 6, 2010.  (*Id.* at ¶¶ 25, 65)

On September 2, 2010, the Debtor filed a voluntary petition for relief under Chapter 7. All pending discovery and the mediation conference were stayed as a result.  On November 17, 2010, the Debtor removed the action to the Bankruptcy Court.  Superior now seeks an order of abstention and remand, along with corresponding relief from the automatic stay.


## DISCUSSION

When reviewing a motion seeking remand, the first question is whether the action was properly removed pursuant to 28 U.S.C. § 1452(a).  *Maintainco, Inc. v. Mitsubishi Caterpillar*

Page 3
January 4, 2011

*Forklift Am., Inc. (In re Mid-Atlantic Handling Sys., LLC)*, 304 B.R. 111, 119 (Bankr. D.N.J. 2003). Section 1452(a) provides for removal of matters subject to the jurisdiction granted by 28 U.S.C. § 1334. Section 1334(b) grants federal jurisdiction over civil proceedings "arising under . . . arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The present matter is "related to" the pending bankruptcy case because the outcome could have an effect on the administration of the estate. *See W.R. Grace & Co., et al. v. Chakerian, et al. (In re W.R. Grace & Co.)*, 591 F.3d 164 (3rd Cir. 2009). Accordingly, removal was proper.

Remand may be granted "on any equitable ground." *See* 28 U.S.C. § 1452(b). The Court will consider the standards for mandatory and permissive abstention outlined in 28 U.S.C. §§ 1334(c)(2) and 1334(c)(1), respectively, in deciding whether to remand the matter to the state court. *See In re Donington, Karcher, Salmond, Ronan & Rainone, P.A.*, 194 B.R. 750, 759-60 (D.N.J. 1996). "Once a district court determines that it either must abstain from hearing a removed case pursuant to 1334(c)(2) or should abstain pursuant to 1334(c)(1)'s permissive abstention provisions, it can consider whether there is reason for the suit to proceed in state court. If so, there will be an 'equitable ground' justifying remand under [Section] 1452(b)." *Stoe v. Flaherty,* 436 F.3d 209, 215 (3d Cir. 2006) (citations omitted).

## I.    Mandatory Abstention

Pursuant to 28 U.S.C. § 1334(c)(2)[1], a district court must abstain from hearing a matter when all of the following factors are met: (1) the motion seeking abstention was timely; (2) the action is based on state law; (3) the action is "related to" a case under title 11, rather than "arising under" or "arising in" a case under title 11; (4) there is no basis for federal jurisdiction absent § 1334; and (5) the action was commenced, and can be timely adjudicated, in the appropriate state court. *Id* at 213; *In re Mid-Atlantic*, 304 B.R. at 121*; In re Donington*, 194 B.R. at 757.

The parties do not dispute the standards for mandatory abstention. The Debtor concedes that the first four factors are met. (Def's Br. in Opp'n., pp. 3-5) The only remaining issue before the Court is whether the action can be "timely adjudicated" in state court. The burden is on the Debtor to disprove the "timely adjudicated" factor. *See In re Donington*, 194 B.R. at 757 (noting that "the removing defendants have demonstrated no concrete reason why the action could not be 'timely adjudicated' in [the state court]").

The Third Circuit has held that "timely adjudicated" does not require a finding that "the action would be *more quickly adjudicated* in the bankruptcy court than in the state court . . ." *In*

---

[1] "Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2).

Page 4
January 4, 2011

*re Exide Technologies*, 544 F.3d 196, 218 (3d Cir. 2008).  Rather, the requirement is merely *timely*.  *Id.* (finding the "timely adjudicated" factor to be satisfied where the action was proceeding expeditiously in state court and where there was an apparent intent to move the case forward to a resolution); *Stoe*, 436 F.3d at 219-20 ("The few cases considering the issue hold that timeliness must be referenced against the needs of the title 11 case, rather than against an absolute time guideline.") (citing 1 Collier on Bankruptcy § 3.05[2] at 3-72).

Here, the Court finds no reason why the action cannot be heard and decided in a timely manner in the state court.  The action was commenced over a year ago.  It has progressed through several layers of discovery, with both sides requesting and exchanging documents and taking an active role in the litigation.  Furthermore, as the Court noted during oral argument, there is "nothing unusual" about this action as it relates to the bankruptcy or the Debtor's possible reorganization.  The parties agree on everything save the "timely adjudicated" factor and the Court is satisfied that this factor is also met.  Accordingly, mandatory abstention is required by § 1334(c)(2) and the Court hereby remands the action to the state court.

## II.    Permissive Abstention

In addition to finding that the present facts support mandatory abstention, the Court also finds that permissive abstention is warranted pursuant to 28 U.S.C. § 1334(c)(1).[2]  A court may consider the following factors in exercising its discretionary power to abstain:  (1) the effect on the efficient administration of the estate; (2) the extent to which state law issues predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the court's docket; (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties or involuntarily removed defendants.  *Geruschat v. Ernst Young LLP (In re Seven Fields Dev. Corp.)*, 505 F.3d 237, 249 (3d Cir. 2007).  There is no "specific formula" in addressing these factors or in determining which or how many factors are required for permissive abstention.  *Valley Media, Inc. v. Toys R Us, Inc. (In re Valley Media, Inc.)*, 289 B.R. 27 (Bankr. D. Del. 2003); *see also Monmouth Investor, LLC v. Saker*, 2010 U.S. Dist. LEXIS 2332, *9 (D.N.J. Jan. 12, 2010).

Here, the Court finds that several factors and the interests of justice weigh in favor of permissive abstention.  The present action is based solely on state and common law claims,

---

[2] " . . . Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."  28 U.S.C. § 1334(c)(1).

Page 5
January 4, 2011

commenced over a year ago in state court, with no basis for federal jurisdiction outside of § 1334. Significantly, the action involves several non-debtor defendants and several defendants yet to be named. These state and common law claims are best left to the state court, despite the potential for a nondischargeability action based upon the same set of underlying facts. It appears the action was proceeding in the state court forum in a timely manner and it is feasible for the state court to continue adjudicating Superior's claims while the core bankruptcy case proceeds in this Court. Should Superior choose to institute a nondischargeability action at some future date, this Court would have the state court findings to consider. The risk of inconsistent rulings is therefore minimal. Having noted this, the Court is mindful of the possibility for Superior to attempt to litigate simultaneously against the Debtor in concurrent forums and warns against such tactics. Duplicative or unnecessary discovery will not be allowed.

## III.    Relief from the Automatic Stay

Having determined that mandatory abstention is required by statute and, alternatively, that permissive abstention is otherwise appropriate, the Court now turns to Superior's request for relief from the automatic stay. 11 U.S.C. § 362(d)(1) permits relief from the automatic stay for "cause." Congress intended for stay relief to be granted in order to "permit litigation to be *concluded*" outside the bankruptcy court where the estate would not be prejudiced by the proceeding moving forward, particularly where the suit involves multiple parties. *In re Mid-Atlantic*, 304 B.R. at 130 (citations omitted) (emphasis in original); *see also* H.R. Rep. 95-595, 9th Cong. 1st Sess. 341 (1977) ("The Court must conduct a balancing test whereby the interests of the estate are weighed against the hardships that will be incurred by the movant."). When an action seeks to recover from a debtor's insurance policy and the debtor is represented by the insurer, courts routinely grant stay relief because the burden on the estate is likely to be outweighed by the hardship on the plaintiff if the action is not permitted to continue. *See First Fidelity Bank v. McAteer*, 985 F.2d 114, 188 (3d Cir. 1993); *Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 51, 54-55 (5th Cir. 1993); In re *Hendrix*, 986 F.2d 195 (7th Cir. 1993); *Green v. Welsh*, 956 F.2d 30 (2d Cir. 1992); *In re Shondel*, 950 F.2d 1301 (7th Cir. 1991); *In re Jet Florida Systems, Inc.*, 883 F.2d 970 (11th Cir. 1989).

That is the case presently before the Court. In addition to the Debtor, there are several non-debtor defendants. The Debtor is represented by his insurance carrier and is not currently paying for his defense in the state court action. The Debtor argues that stay relief is inappropriate because his insurance policy may not cover the fraud claims asserted by Superior. Superior's Complaint, however, is not limited to allegations of intentional conduct. As such, Superior would be prejudiced by an order prohibiting it from seeking recourse through the Debtor's insurance. Accordingly, the Court will grant Superior's request for relief from the automatic stay.

Page 6
January 4, 2011

## CONCLUSION

The Court finds that mandatory abstention is warranted pursuant to 28 U.S.C. § 1334(c)(2). Alternatively, the Court also finds support in the record for permissive abstention pursuant to 28 U.S.C. § 1334(c)(1). Accordingly, the Court hereby remands this action to the state court and grants relief from the automatic stay in order to allow Superior to prosecute the action in that forum.

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

Very truly yours,

*s/    Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure